Opinion delivered March 8, 1884.

---

[No. 1641.]

## MIKE DUNN *v.* THE STATE.

1. ACCOMPLICE TESTIMONY.—A conviction had upon the testimony of an accomplice cannot be sustained unless the testimony was corroborated by other evidence tending to connect the defendant with the offense committed.

2. SAME.—The rule is that the corroboration of the accomplice must be effected by other evidence than that of the accomplice himself; the facts to be corroborated must be criminative of the defendant, and must tend to connect the defendant with the offense committed. Note the opinion for evidence *held* insufficient either to corroborate the accomplice or connect defendant with the commission of the offense.

APPEAL from the District Court of Tarrant. Tried below before the Hon. A. J. Hood.

The conviction was for swindling in the manner stated in the opinion, and the penalty imposed was a term of two years in the

penitentiary.    The opinion also briefly but fully summarizes the evidence upon which the conviction was had.

The motion for new trial raises the questions involved in the opinion.

*B. G. Johnson,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Appellant was foreman of an extra gang of hands working on section thirty-one of the Missouri and Pacific railway in the month of February, 1883.    By the rules of the company a section foreman or boss of hands, besides his other duties, was required to employ the hands for the company who worked under him, and was required to keep a list or "time book" of all hands so employed, and also to send a copy of the list of the names of the hands to the superintendent. This time book of the foreman was required to show the name of each hand, the length of time he had worked, the amount due him, and the amount of board to be deducted from and paid out of the wages of such hand.

When the hands are to be paid off, the superintendent, from the copies of the lists of hands sent him by the foreman, makes out a pay roll, which pay roll is furnished the paymaster who is to pay the hands.    Checks are then also made out, payable to each hand named in the pay roll, and they are delivered to the paymaster to be delivered by him to the proper party, when the latter has been properly identified.    In order to identify the hands the section foreman makes out what is called an identification paper, and delivers that to the hand, who delivers it to the paymaster, who thereupon delivers to the hand his check; which check is afterwards paid by the company.

Appellant as section foreman made out his list, in accordance with his duty as prescribed by the rules, for the month of February, 1883.    This list contained the names of Barney Rourke and Thomas Reed as two of the hands who had worked under him during the month of February, and who were entitled to receive from the railway company the wages indicated in the list; and the railway company paid the wages so indicated in the list to two parties, the one claiming to be Barney Rourke and the other Thomas Reed.    Appellant was indicted and has been convicted for swindling the company by falsely returning in his list

36

that Reed and Rourke worked for him, when no such hands worked for him during February, 1883, and by inducing and procuring two parties, one Gallagher and one Fitzpatrick, to personate the said Rourke and Reed, and whom he, the appellant, identified as Rourke and Reed, and thereby enabled them to demand and receive from the railway company the checks for the wages that were falsely represented to be due said Rourke and Reed by this appellant.

On the trial Fitzpatrick appeared as a witness for the State and detailed the agreement between himself and appellant, by which he, the witness, was to personate Barney Rourke and obtain the money, and that he and appellant were to divide the same. He also testified as to Gallagher's personation of Reed at the same time, and for the same purpose.

If the conviction could be supported by his testimony alone, then indeed has the State fully made out the crime as charged in the indictment. This witness is, however, an avowed accomplice in the crime, if a crime has been committed, and before a conviction can be upheld on his testimony, that testimony must be corroborated by other evidence tending to connect the appellant with the crime committed. (Penal Code, Art. 741.) The rule is that the corroboration of the accomplice testimony must be effected by evidence other than that of the accomplice himself; the facts to be corroborated must be criminative of the defendant, and the corroborative evidence must tend to connect the defendant with the offense committed. (*Harper* v. *The State*, 11 Texas Ct. App., 1.)

Now we have searched this record in vain for a single criminative fact in corroboration of the accomplice's evidence. He is not even identified by any one else as the party who received the check from the paymaster, in the name of Rourke. There is not a tittle of evidence outside his testimony to show that Rourke and Reed did not in fact work for the road as hands under appellant in the month of February, 1883. This fact, if a fact, certainly might have been shown by White, the boarding house keeper, if by no other witnesses, who appears to have boarded the hands of appellant in February, 1883, who doubtless knew the hands, and who collected his board from the wages coming to the hands.

The testimony is equally as unsatisfactory and inconclusive with regard to Gallagher and Reed and their identity. For aught that appears outside the accomplice testimony, Rourke

and Reed may have performed the work ascribed to them, and they may have drawn their pay in person, and the whole statement of the accomplice be a mere fabrication. It will not do to say that he is corroborated by the list and time book and copy sent to the superintendent. These the appellant made out no doubt and forwarded, for it was his duty under the rule to do so. He also doubtless identified the parties who got the checks. But who were these parties? No one is able to tell us save the accomplice.

Where is the criminative fact which connects this appellant with the crime as related and detailed by the accomplice? We confess that we have been unable to find it.

The accomplice testimony not being corroborated in a manner such as tends to criminate appellant, the evidence is insufficient to support the verdict and judgment; wherefore the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*